# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NATURAL DOG ACQUISITION LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PET GO ROUND OF GREENSBORO, ) <br> ) <br> Defendant. ) <br> ) | **COMPLAINT FOR APPEAL AND *DE NOVO* REVIEW OF DECISION OF TRADEMARK TRIAL AND APPEAL BOARD** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Natural Dog Acquisition LLC ("Plaintiff") for its Complaint against Defendant Pet Go Round Of Greensboro ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1).

2. On April 23, 2020, Plaintiff initiated Cancellation No. 92074028 against Defendant's U.S. Registration No. 5,011,176 before the TTAB, on the basis of priority and likelihood of confusion with Plaintiff's U.S. Registration Nos. 4,947,310, 5,466,549, and 6,185,790 ("Cancellation Proceeding").

3. On August 2, 2022, a TTAB panel dismissed the Cancellation Proceeding. A true and correct copy of the TTAB final decision is attached hereto as Exhibit A.

4. On September 2, 2022, Plaintiff filed a Request for Reconsideration with the TTAB, which request was denied on October 28, 2022. True and correct copies of the Request for Reconsideration and Order denying the same are attached hereto as Exhibit B.

5. This appeal is timely filed in accordance with 15 U.S.C. § 1071(b)(1).

6. Plaintiff further brings this action pursuant to 15 U.S.C. §§ 1114, 1125(a), 1119, North Carolina common law, and North Carolina General Statutes § 75 et seq., seeking injunctive relief, cancellation of registration, and damages against Defendant for trademark infringement, unfair competition, and unfair and deceptive trade practices.

## PARTIES

7. Plaintiff is a Delaware limited liability company, having a principal place of business at 4444 South Blvd., Charlotte, North Carolina 28209.

8. On information and belief, Defendant is a North Carolina corporation, having a place of business at 3580 S. Church Street, Burlington, North Carolina 27215.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367, and 15 U.S.C. § 1071(b)(1).

10. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

11. On information and belief, Defendant has and continues to regularly and intentionally conduct business in this State and District by, *inter alia*, offering for sale, selling, and distributing goods within this State and District, via Amazon.com, Defendant's online retail website at https://www.thenaturaldogonline.com/, and Defendant's brick and mortar retail store located in Hickory, North Carolina. Accordingly, Defendant is subject to personal jurisdiction in this State and District by virtue of its contacts here.

12. On information and belief, Defendant has and continues to voluntarily and purposefully place Defendant's products in the stream of commerce with the expectation that said products will be purchased and/or used in this State and District.

13. The harm caused by Defendant's unlawful activities, as set forth herein, is further being experienced by Plaintiff in this State and District.

14. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

### A. PLAINTIFF'S MARKS

15. Plaintiff is the owner of U.S. Registration No. 4,947,310 ("the '310 Registration") for the mark NATURAL DOG COMPANY & Design, which registration was issued on April 26, 2016, from an application filed on December 23, 2014, and which registration recites the following goods: "non-medicated balms for use on noses for pets" in International Class 3; and "dog food; dog treats" in International Class 31 (collectively, "the '310 Registration Goods"). Plaintiff has used the NATURAL DOG COMPANY & Design mark in U.S. commerce in connection with "non-medicated balms for use on noses for pets" since at least as early as September 2008. Plaintiff has used the NATURAL DOG COMPANY & Design mark in U.S. commerce in connection with "dog food; dog treats" since at least as early as August 1, 2015. A true and correct TSDR printout of the '310 Registration is attached hereto as Exhibit C.

16. Plaintiff is the owner of U.S. Registration No. 5,466,549 ("the '549 Registration") for the mark NATURAL DOG COMPANY, which registration was issued on May 8, 2018, from an application filed on August 22, 2017, and which registration recites the following goods:

> non-medicated balms for use on noses for pets, namely, dogs, cats, rodents, and horses; non-medicated lotion for the noses of pets, namely, dogs, cats, rodents, and horses; non-medicated balms for use on paws of dogs, cats and pets; non-medicated grooming preparations for pets, specifically dogs, cats, rodents, and horses, namely, lotion for skin, fur, and coat, soaps, perfumery, essential oils for cosmetic purposes, dentifrices, shampoos, conditioners, and lotions, creams, sprays, balms, and oils for ears, paws, face, tear stains, fur, tails, skin, noses, hooves, and manes; balms for all skin folds including interdigital skin folds, nasodigital skin folds, vulvar skin folds and tail skin folds; non-medicated balms for

use on dog's interdigital spaces and skin folds on face, noses, ears, neck, body and tail; non-medicated protective barrier for use on pets, specifically on the paws of dogs and cats, namely, balms, and sprays for use on pets, specifically dogs and cats; non-medicated sun protective barriers, namely, balms, and sprays for use on pets, specifically dogs and cats; bar shampoo for pets, namely, dogs, cats, and horses

in International Class 3; and "edible chews for dogs" in International Class 31 (collectively, "the '549 Registration Goods"). Plaintiff has used the NATURAL DOG COMPANY mark in U.S. commerce in connection with at least one of the recited goods in International Class 3 since at least as early as September 1, 2008. Plaintiff has used the NATURAL DOG COMPANY mark in U.S. commerce in connection with "edible chews for dogs" since at least as early as January 26, 2015. A true and correct TSDR printout of the '549 Registration is attached hereto as Exhibit D.

17. Plaintiff is the owner of U.S. Registration No. 6,185,790 ("the '790 Registration") (collectively, with the '310 Registration and '549 Registration, "Plaintiff's Registrations") for the mark NATURAL DOG COMPANY, which registration was issued on October 27, 2020, from an application filed on December 28, 2018, and which registration recites the following goods:

> non-medicated balms for use on noses and paws of animals and pets; non-medicated lotions for use on noses of animals and pets; non-medicated grooming preparations for animals and pets, namely, lotions for skin, fur, and coat, soaps, perfumery, essential oils for cosmetic purposes, dentifrices, shampoos, balms, conditioners, and lotions, creams, sprays, balms, and oils for ears, paws, face, tear stains, fur, tails, skin, noses, hooves, and manes; non-medicated balms for all skin folds including interdigital skin folds, nasodigital skin folds, vulvar skin folds and tail skin folds; non-medicated protective barrier for use on the paws of animals and pets; non-medicated sun protective barriers, namely, balms and sprays for use on animals and pets; non-medicated bar shampoo for animals and pets; non-medicated home dental products for animals and pets, namely, tooth salt and toothpaste; all of the aforementioned made substantially in whole or part of natural ingredients

in International Class 3; "dietary, nutritional, and feed supplements for animals and pets; all of the aforementioned made substantially in whole or part of natural ingredients" in International Class 5; and "edible chews and treats for animals and pets; all of the aforementioned made substantially in whole or part of natural ingredients" in International Class 31 (collectively, "the '790 Registration Goods" and, together with the '310 Registration Goods and the '549 Registration

4

Goods, "Plaintiff's Goods"). Plaintiff has used the NATURAL DOG COMPANY mark in U.S. commerce in connection with at least one of the recited International Class 3 since at least as early as September 1, 2008. Plaintiff has used the NATURAL DOG COMPANY mark in U.S. commerce in connection with "dietary, nutritional, and feed supplements for animals and pets; all of the aforementioned made substantially in whole or part of natural ingredients" since at least as early as March 2019. Plaintiff has used the NATURAL DOG COMPANY mark in U.S. commerce in connection with "edible chews and treats for animals and pets; all of the aforementioned made substantially in whole or part of natural ingredients" since at least as early as January 26, 2015. A true and correct TSDR printout of the '790 Registration is attached hereto as Exhibit E.

18. The marks set forth in Plaintiff's Registrations are collectively referred to as the "NATURAL DOG COMPANY Marks".

19. Plaintiff's Registrations are valid and subsisting in law and were duly and legally issued.

20. Plaintiff's pet products bearing the NATURAL DOG COMPANY Marks are sold in every state in the United States. Plaintiff's pet products bearing the NATURAL DOG COMPANY Marks are or have been offered for sale in at least three hundred and fifty-six (356) stores located throughout the United States. Plaintiff also provides online retail sales of Plaintiff's pet products bearing the NATURAL DOG COMPANY Marks through a website located at the domain name <naturaldogcompany.com>.

21. Since at least as early as September 2008, Plaintiff has continuously used the NATURAL DOG COMPANY Marks in U.S. commerce in connection with Plaintiff's Goods.

22. Plaintiff is the owner of common-law rights in the NATURAL DOG COMPANY Marks in connection with the Plaintiff's Goods.

23. Plaintiff's NATURAL DOG COMPANY Marks have acquired secondary meaning through Plaintiff's continuous, extensive, and substantially exclusive use of the same in connection with the marketing, distributing, offering for sale, and selling of the Plaintiff's Goods in International Class 3 since September 2008. As such, Plaintiff has built significant and valuable goodwill in its NATURAL DOG COMPANY Marks, and the purchasing public recognizes and associates the NATURAL DOG COMPANY Marks with Plaintiff and Plaintiff's Goods.

**B. DEFENDANT'S MARK**

24. On information and belief, Defendant was issued U.S. Registration No. 5,011,176 ("Defendant's Registration") for the mark ("Defendant's Mark"), which registration was issued on August 2, 2016, from an application filed on July 31, 2015, and which registration recites the following services: "retail store services featuring a wide variety of consumer goods of others" in International Class 35 ("Defendant's Services"). Defendant's Registration claims a date of first use in U.S. commerce of December 11, 2014. A true and correct TSDR printout of Defendant's Registration is attached hereto as Exhibit F.

25. Prior to Defendant's alleged date of first use of Defendant's Mark in U.S. commerce of (i) December 11, 2014 as recited in Defendant's Registration, or (ii) December 2013 as claimed in Defendant's briefing in the Cancellation Proceeding, and filing date of July 31, 2015, of the application that issued Defendant's Registration, Plaintiff's NATURAL DOG COMPANY Marks were used throughout the United States and had acquired distinctiveness in connection with goods that are the same as, similar to, overlap with, and/or are related to the Defendant's Goods.

26. Defendant's Mark is similar in sight, sound, meaning, and overall commercial impression to Plaintiff's NATURAL DOG COMPANY Marks.

27. Defendant's Services are the same as, similar to, overlap with, and/or are related to Plaintiff's Goods.

28. On information and belief, Defendant's Services are marketed to the same potential purchasers and distributed through the same channels of distribution as Plaintiff's Goods.

29. Plaintiff believes that the concurrent registration and use of Defendant's Mark in connection with Defendant's Services and of Plaintiff's NATURAL DOG COMPANY Marks in connection with Plaintiff's Goods is likely to cause confusion, deception, and/or mistake, and will result in irreparable damage to Plaintiff's reputation and goodwill as a result of the likelihood of confusion pled herein.

30. Plaintiff's name, reputation, and goodwill are likely to suffer as a result of Defendant's conduct, given that, among other things, Defendant's customers will likely associate any issues or problems with Defendant's Services as emanating from Plaintiff.

31. On information and belief, Defendant's actions have been and continue to be intentional, willful, and in complete disregard of Plaintiff's rights.

32. Defendant's infringing activities have and continue to cause damage to Plaintiff, by, *inter alia*, harming Plaintiff's sales, Plaintiff's goodwill, and the reputation of Plaintiff.

33. Defendant's unlawful conduct has irreparably harmed Plaintiff, and Plaintiff has no adequate remedy at law to redress these injuries.

### COUNT I
### Reversal of TTAB Decision and Cancellation of
### Defendant's Registration – 15 U.S.C. § 1071(b)(1) and 15 U.S.C. § 1119

34. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

35. Plaintiff is dissatisfied with the decision of the TTAB in the Cancellation Proceeding and its erroneous conclusion that Plaintiff had failed to establish a *prima facie* showing that its NATURAL DOG COMPANY Marks had acquired distinctiveness prior to the date of first use asserted by Defendant.

36. The TTAB decision of August 2, 2022 should be reversed and vacated.

37. Defendant's Registration should be cancelled due to likelihood of confusion with Plaintiff's NATURAL DOG COMPANY Marks.

38. This Court has the power to order cancellation of Defendant's Registration pursuant to 15 U.S.C. § 1119, and this Court should order the cancellation thereof.

## COUNT II
### Trademark Infringement – 15 U.S.C. § 1114

39. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

40. Plaintiff owns valid and enforceable rights in the NATURAL DOG COMPANY Marks, as reflected in Plaintiff's Registrations, and has the exclusive right to use the NATURAL DOG COMPANY Marks in commerce in connection with Plaintiff's Goods.

41. Defendant has, without Plaintiff's consent, used in United States commerce a highly similar mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

42. As a result of Defendant's infringement, Plaintiff has suffered damages, including irreparable injury to their reputation and goodwill.

43. Plaintiff is entitled to monetary damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

## COUNT III
## Unfair Competition – 15 U.S.C. § 1125(a)

44. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

45. Defendant's use in United States commerce of Defendant's Mark in connection with the sale of pet products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of such Defendant's Services by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

46. Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

47. Defendant has knowingly and willfully infringed Plaintiff's rights in the NATURAL DOG COMPANY Marks by virtue of Defendant's use in United States commerce of the NATURAL DOGGIE Marks in connection with the sale of pet products.

48. As a result of Defendant's acts of unfair competition as alleged herein, Plaintiff has and continues to suffer damages, including lost sales and lost profits, and irreparable injury to Plaintiff's reputation and goodwill.

49. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

## COUNT IV
## Common-Law Trademark Infringement

50. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

51. Plaintiff owns common-law rights in the NATURAL DOG COMPANY Marks by virtue of Plaintiff's longstanding use and recognition by the public.

52. Defendant has and continues to, without Plaintiff's consent, use in United States

commerce Defendant's Mark in connection with the advertisement, distribution, offer for sale, and/or sale of retail services of pet products in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of such Defendant's Services by Plaintiff.

53. By using Defendant's Mark in connection with services substantially similar to Plaintiff Goods, Defendant has and continues to infringe upon Plaintiff's rights in the NATURAL DOG COMPANY Marks.

54. As a result of Defendant's infringement, Defendant has been and continues to be unjustly enriched, and Plaintiff has and continues to suffer damages, including lost sales, lost profits, and lost goodwill.

55. Defendant's infringement of Plaintiff's rights in the NATURAL DOG COMPANY Marks has and continues to cause irreparable injury to Plaintiff's reputation and goodwill.

56. Plaintiff is entitled to monetary damages in an amount to be proven at trial.

### COUNT V
**Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75-1.1 *et seq.***

57. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

58. Defendant's acts alleged herein have been and continue to be willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

59. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1 and North Carolina common law.

60. Plaintiff has been and continues to be damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to N.C. Gen. Stat. § 75-1.1 *et seq*. and other

applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Permanently enjoin Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using Defendant's Mark, and any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's NATURAL DOG COMPANY Marks, pursuant to 15 U.S.C. § 1116(a);

B. Reverse the TTAB decision in the Cancellation Proceeding and order cancellation of Defendant's Registration;

C. Order Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

D. Order Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

E. Grant Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

F. Grant Plaintiff treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. §§ 1117(a) and (b) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

G. Order that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

H. Grant Plaintiff equitable relief in order to stop the harm caused to Plaintiff;

I. Grant Plaintiff pre-judgment and post-judgment interest; and

J. Grant such other and further relief as this Court deems just and equitable.

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: December 30, 2022

Respectfully submitted,

s/Rebeca Harasimowicz
J. Mark Wilson
N.C. Bar No. 25763
Rebeca Harasimowicz
N.C. Bar No. 48711
Samuel C. Merritt
N.C. Bar No. 47945
Moore & Van Allen PLLC
100 North Tryon Street, Ste 4700
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Email: markwilson@mvalaw.com
beckyharasimowicz@mvalaw.com
sammerritt@mvalaw.com
CLT-TMCorrespondence@mvalaw.com

*Attorneys for Plaintiff Natural Dog Acquisition LLC*